IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 12:46 pm, Mar 19, 2018*

ANTWAIN BAKER,

 Plaintiff,

v.

ROBERT GERMAN; JUDGE STEPHEN D.
KELLEY; KATHLEEN WILCOX
WILLIAMS; KIPPIE MANOR; and
CAMDEN COUNTY, GEORGIA,

 Defendants.

CIVIL ACTION NO.: 2:17-cv-147

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Rogers State Prison in Reidsville, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 contesting certain events which allegedly occurred in Camden County, Georgia. (Doc. 1.) Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 3.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motion. For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint based on his failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

### BACKGROUND

In his Complaint, Plaintiff contends Defendant German with the District Attorney's Office failed to remove himself from the prosecution of Plaintiff's criminal case due to a conflict of interest involving Plaintiff's and Defendant German's families. (Doc. 1, p. 5.) Relatedly, Plaintiff asserts Defendant Kelley failed to remove Defendant German from Plaintiff's case, even though Plaintiff brought up this alleged conflict several times in court. In addition, Plaintiff

alleges Defendant Williams failed to have his criminal proceedings removed from Camden County and failed to fully investigate Plaintiff's case. Moreover, Plaintiff contends Kippie Manor of Manor Bail Bonds threatened him and had Plaintiff sent to prison. Finally, Plaintiff lists Camden County in his "Statement of Claim". (Id.) Plaintiff seeks compensatory damages in the amount of $2,500,000.00. (Id. at p. 6.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.     Dismissal of Claims Pursuant to <u>Heck v. Humphrey</u> and <u>Rooker-Feldman</u> Doctrine**

The allegations contained in Plaintiff's Complaint center around criminal proceedings in Camden County, Georgia.  However, there is nothing before the Court indicating that Plaintiff's conviction has been reversed, expunged, invalidated, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise overturned.  (Doc. 1.)  Consequently, this Court is precluded from reviewing his claims by the decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

In <u>Heck</u>, a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction.  The United States Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding be terminated in favor of the accused.  512 U.S. at 484.  The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus</u>, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis added).

Under Heck, a plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. Id. If a plaintiff fails to make this showing, then he cannot bring an action under Section 1983. Id. at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. Id. at 487. Although Heck involved a claim brought under 42 U.S.C. § 1983 for money damages, Heck's holding has been extended to claims seeking declaratory or injunctive relief, as well as money damages.[1] See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

"Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy Heck's favorable termination requirement." Desravines v. Fla. Dep't of Fin. Servs., No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011), *report and*

---

[1] Plaintiff seeks monetary damages. (Doc. 1, p. 6.)

5

*recommendation adopted by* 2011 WL 2222170 (M.D. Fla. June 8, 2011) (citing Gray v. Kinsey, No. 3:09-cv-324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) (finding plaintiff's claims barred by Heck's favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court)); Domotor v. Wennet, 630 F. Supp. 2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" because the plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a Section 1983 action for damages); St. Germain v. Isenhower, 98 F. Supp. 2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by Heck ); see also Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013), *report and recommendation adopted by* 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga. Jan. 25, 2011), *report and recommendation adopted by* 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

In this case, Plaintiff has not shown that his criminal proceedings have been favorably terminated. To the contrary, Plaintiff generally alleges unconstitutional actions occurred during his criminal proceedings, yet he offers no factual support for his allegations. Plaintiff seeks monetary compensation. A finding in Plaintiff's favor on his claims would undoubtedly imply the invalidity of his criminal conviction. Accordingly, the Heck decision unquestionably precludes Plaintiff's claims.

Additional grounds support dismissal of Plaintiff's putative Section 1983 claims. Pursuant to the Rooker-Feldman doctrine, the Court is without jurisdiction over Plaintiff's claims, which essentially seek review of state-court criminal proceedings decided against him. "The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, 620 F. App'x 881, 882 (11th Cir. 2015). Nor under the Rooker-Feldman doctrine may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." See Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (quoting Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)). "Rooker-Feldman applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Because Plaintiff, through this Section 1983 action, essentially asks this Court to invalidate his conviction obtained in Camden County, Georgia, this Court lacks jurisdiction over his claims.

Accordingly, the Court should **DISMISS** Plaintiff's claims in their entirety. Nevertheless, Plaintiff's claims should also be dismissed for multiple other reasons.

**II.   Judicial Immunity**

Judicial immunity bars Plaintiff's claims against Defendant Kelley. Congress did not abrogate the doctrine of judicial immunity when it enacted Section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from

damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."); Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in Section 1983 actions).  Absolute immunity not only protects against liability but also against a case going to trial at all.  Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  To determine whether a judge is entitled to absolute immunity from money damages under Section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction."  Id. (quoting Stump, 435 U.S. at 357).  The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916.

Plaintiff complains about the actions of Defendant Kelley in his capacity as a judicial official in a case that was pending before him in which Plaintiff was a named party.  Nevertheless, Plaintiff fails to make any claim whatsoever that Defendant Kelley acted in the clear absence of jurisdiction.  Consequently, the Court should **DISMISS** Plaintiff's Section 1983 claims against Defendant Kelley based on judicial immunity principles.

### III.    Prosecutorial Immunity

Likewise, the Supreme Court has repeatedly reiterated that Section 1983 did not abrogate the doctrine of absolute prosecutorial immunity.  See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009).  "Today, absolute prosecutorial immunity extends to 'acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'"  Favors-Morrell v. United States, No. CV 214-164, 2015 WL 3766853, at *3 (S.D. Ga. June 15, 2015) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)); see also Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A

prosecutor is entitled to absolute immunity from suit for all actions he takes while performing his function as an advocate for the government.").

Plaintiff's putative claims against Defendant German pertain to his actions as an advocate for the State of Georgia and concern prosecutorial functions that are intimately associated with the judicial phase of the prosecution. See Van de Kamp, 555 U.S. at 342 (citing Kalina v. Fletcher, 522 U.S. 118, 127, 130 (1997)). Thus, the Court may also **DISMISS** Plaintiff's claims against Defendant German under the doctrine of prosecutorial immunity.

## IV. Claims Against Public Defender/Retained Attorney[2] and Defendant Manor

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

The state-actor requirement traditionally precludes suit against a private party under Section 1983 because a private party may qualify as a state actor for Section 1983 purposes only in "rare circumstances." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). The Eleventh Circuit Court of Appeals recognizes a private party as a state actor only when one of three tests is satisfied: "the state compulsion test, the public function test, or the nexus/joint action test." Davis v. Self, 547 F. App'x 927, 933–34 (11th Cir. 2013) (citing Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001)).

A defense attorney, whether court-appointed or privately retained, represents only her client, not the state. Polk County v. Dodson, 454 U.S. 312 (1982). Accordingly, the law is well-

---

[2] It is unclear whether Defendant Williams was appointed or retained. Nevertheless, the law applicable in either scenario is the same.

9

established that "'[a] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" Pearson v. Myles, 189 F. App'x 865, 866 (11th Cir. 2006) (quoting Polk County, 454 U.S. at 325); see also Dixon v. Eaves, No. CV512-129, 2012 WL 6930306, at *3 (S.D. Ga. Dec. 26, 2012) (ineffective assistance of counsel allegations against plaintiff's court-appointed attorney in criminal proceeding failed to state claim under Section 1983); Cobb v. Reeves, No. CV612-085, 2012 WL 5364302, at *4 (S.D. Ga. Oct. 4, 2012) (same). Thus, a defense attorney, even as a public defender, does not act "under color of state law," a critical element of a Section 1983 claim. Since Defendant Williams acted as Plaintiff's defense attorney and not as a public actor, Plaintiff cannot state a claim against her under Section 1983. This deficiency provides another ground for dismissal of Plaintiff's claims against Defendant Williams.

In addition, Plaintiff fails to make any allegations that Defendant Manor acted under color of state law. This is a critical element of a Section 1983 claims, and Plaintiff has failed to set forth such an element. Accordingly, the Court may also **DISMISS** Plaintiff's claims against Defendants Williams and Manor for failure to state a claim.

**V.      Claims Against Defendant Camden County**

Plaintiff fails to make any factual allegations against Defendant Camden County. (Doc. 1, p. 5.) Thus, the Court should **DISMISS** Plaintiff's claims against Camden County based on Plaintiff's failure to meet the most basic pleading requirement. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Iqbal, 556 U.S. at 678; Hale, 50 F.3d at 1582.

## VI.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*.  (Doc. 3.)  I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for

---

[3] A certificate of appealability is not required in this Section 1983 action.

failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of March, 2018.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA